UNITED STATES of America,
Appellee,

v.

Charles E. WILSON, Defendant–
Appellant.

No. 03–1323.

United States Court of Appeals,
Second Circuit.

Jan. 7, 2004.

David J. Wenc, Windsor Locks, CT, for Appellant.

Leonard C. Boyle, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief, Jeffrey A. Meyer, Assistant United States Attorney), New Haven, CT, for Appellee, of counsel.

Present: FEINBERG, WESLEY, Circuit Judges, and PAULEY,* District Judge.

## SUMMARY ORDER

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

A jury convicted defendant-appellant Charles E. Wilson of using interstate commerce facilities with the intent to commit a murder-for-hire, in violation of 18 U.S.C. § 1958(a). Wilson subsequently moved pursuant to Federal Rule of Criminal Pro-

* The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

cedure 29 for a judgment of acquittal, arguing the government presented insufficient evidence at trial. We review the district court's denial of the Rule 29 motion *de novo,* applying the same standard that governs a general challenge to the sufficiency of evidence. *See United States v. Jackson,* 335 F.3d 170, 180 (2d Cir.2003). "Under Rule 29, a district court will grant a motion to enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.* The defendant bears a heavy burden and we must consider the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government. *See id.*

There was sufficient evidence to establish that Wilson intended to have his mother murdered. Two witnesses testified that defendant implored Ezekiel Scott, a fellow inmate of the defendant, to arrange for the murder of Wilson's mother. Their testimony was corroborated by recorded conversations between Scott and Wilson. Furthermore, there was sufficient evidence to establish Wilson used the mail as required by § 1958. Scott testified that Wilson handed Scott an envelope containing a map and diagram of his mother's house and that Wilson accompanied Scott as Scott placed the letter in the correctional facility's mailbox marked "U.S. Mail." The envelope was addressed to Scott's wife and was intended to be forwarded to the putative "hitmen." The jury could conclude from the distinctiveness of the postmark that the envelope had actually traveled through the United States mails.

The district court also denied Wilson's motion for a new trial under Federal Rule of Criminal Procedure 33, concluding that "based on the weight of the evidence, the verdict was not erroneous, nor did it result in a miscarriage of justice." As noted above, there was sufficient evidence to support the jury's guilty verdict, and the district court's denial of Wilson's motion was not an abuse of discretion. *See United States v. Greer,* 285 F.3d 158, 170 (2d Cir.2002).

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.